

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
P. O. Box 12265, Capitol Station
Austin, Texas 78711

Opinion No. MW-586

Re: Whether former district judge serving on judicial assignment may practice law between assignments

Dear Mr. Pipkin:

Your question concerns the following portion of section 5a of article 200a, V.T.C.S.:

> all _former district judges_ who were elected at a general election or appointed by the governor; who have not been defeated for reelection; who have not been removed from office by impeachment, the Supreme Court, the governor upon address of the legislature, the State Judicial Qualifications Commission, or by the legislature's abolishment of the judge's court; who are not more than 70 years of age; and _who certify to the presiding judge a willingness_ to serve and _to comply with the same prohibitions relating to the practice of law that are imposed on a retired judge by Section 7, Article 6228(b)_... may be assigned under the provisions of this Act by the presiding judge of the administrative judicial district wherein such assigned judge resides.... (Emphasis added).

In this statute, the legislature has said that in order to be eligible for the privilege of receiving temporary judicial assignments, former district judges must agree to subject themselves to certain restrictions. The nature of those restrictions is the subject of your opinion request.

Article 6228b, V.T.C.S., which is improperly cited as "Article 6228(b)" in article 200a, was repealed in 1981. Acts 1981, 67th Leg., ch. 453, §3(4), at 2063. Its provisions are now contained in section 41.001 _et seq._ of Title 110B, Public Retirement Systems, V.T.C.S. The "prohibitions relating to the practice of law" to which article 200a

refers may now be found in section 44.005 of Title 110B. Section 44.005 states:

> A retiree receiving an annuity from the retirement system may not appear and plead as an attorney in any court in this state.

You advise that a question has arisen concerning the applicability of this prohibition to a particular former district judge. You inquire as to the "duration of the prohibition against practicing law on former district judges."

Several arguments concerning the applicability of section 44.005 to former district judges who have made the article 200a certification have been presented to us. The first is that the section 44.005 prohibition is not applicable to said former district judges unless they are receiving retirement benefits from the judicial retirement system. We disagree. A former district judge who receives retirement benefits from the judicial retirement system is, in our opinion, a "retiree" within the meaning of section 44.005. See Title 110B, section 41.001 (definition of "retiree"). As a "retiree," said former district judge is automatically subject to section 44.005. Manifestly, the legislature could not have intended to require former district judges to certify their willingness to comply with a prohibition to which they are already necessarily subject. Moreover, to conclude that section 44.005 applies to former district judges who have made the article 200a certification only if they are receiving retirement benefits from the judicial retirement system would be to render the certification meaningless from the standpoint of former district judges who are not receiving these benefits. There are no "prohibitions relating to the practice of law" within the meaning of article 200a other than the one imposed by section 44.005.

It has also been suggested that a former district judge who has made the article 200a certification is not subject to the section 44.005 prohibition when he is not actually serving on a judicial assignment. Again, we disagree. It is quite clear from the language of article 200a that the section 44.005 prohibition remains applicable as long as a former district judge's certification is extant.

Finally, questions have arisen concerning the duration of an article 200a certification. Article 200a is silent on the question of whether a certification may be withdrawn. It also fails to indicate whether, if a former district judge decertifies, he may later recertify. We next deal with these issues.

In our opinion, a former district judge may withdraw a certification made under article 200a. The statute itself does not suggest otherwise. Moreover, if a former district judge is no longer

willing or able to meet the requirements stated therein, decertification would seem to be mandatory. If he decertifies, a former district judge who is not otherwise a "retiree" is, in our opinion, no longer bound by the section 44.005 prohibition.

We also conclude that a former district judge who withdraws an article 200a certification may later recertify. Again, the statute does not suggest otherwise. Although it might be argued that an individual could abuse the statutes by certifying, decertifying, recertifying, etc., in order to be able to accept temporary judicial assignments and then appear and plead in court in between such assignments, we find no remedy in the statute. We perceive no basis for reading into article 200a, which is absolutely silent on this matter, limitations upon the duration of a certification or the number of times that a former district judge may decertify and recertify. It should be emphasized, however, that the chief justice of the supreme court and the presiding judges of the court of criminal appeals and of the various administrative judicial districts are responsible for making temporary judicial assignments. Nothing requires these judges to tender temporary judicial assignments to a former district judge simply because he has certified his willingness to accept them.

We therefore conclude that if they have made the article 200a certification, former district judges are subject to the section 44.005 prohibition. They are also subject to the prohibition as long as their certification is extant. We finally conclude that there is no statutory prohibition that would preclude a former district judge who has withdrawn an article 200a certification from later recertifying.

### S U M M A R Y

To be eligible for assignment under article 200a, V.T.C.S., a former district judge must certify his willingness to accept the prohibitions relating to the practice of law that are imposed upon retired judges by section 44.005 of Title 110B, Public Retirement Systems, V.T.C.S. The prohibition is applicable as long as a judge's article 200a certification is extant. Finally a former district judge may withdraw an article 200a certification and later recertify.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger